# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY L. ABRAHAM,<br><br>               Plaintiff,<br><br>vs.<br><br>THE MARCUS CORPORATION,<br><br>               Defendant. | 8:15CV308<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Dismiss (Filing No. 19). For the reasons discussed below, the motion will be granted.

## BACKGROUND

Plaintiff Gary L. Abraham ("Abraham") filed a pro se Complaint (Filing No. 1) against The Marcus Corporation ("Marcus"), and later filed a pro se Amended Complaint (Filing No. 12). He purports to assert claims based on race discrimination in violation of 42 U.S.C. § 1981; race and sex[1] discrimination in the offering of public accommodations in violation of Neb. Rev. Stat. §§ 20-132 to 20-143; breach of contract; retaliation in violation of Neb. Rev. Stat. § 20-136; discrimination based on disability (hypertension) in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; and denial of access to public accommodations in violation of the ADA.[2]

All claims are based on a narrow set of factual allegations: Abraham is an African-American male residing in the state of Nebraska. He suffers from

---

[1] In his Amended Complaint, Abraham appears to present claims on behalf of his female companion. In his brief (Filing No. 21) in opposition to Marcus's Motion to Dismiss, however, he contends that he is presenting claims only on his own behalf. (*Id.* ¶ 2.)

[2] The Amended Complaint sets out eight claims for relief, but two are duplicative.

hypertension.³ On July 20, 2015, he slipped and fell in a stairwell located in a movie theater located in Omaha, Nebraska.⁴ The theater was owned and operated by Marcus, a corporation having its principal place of business in Wisconsin. Abraham told an assistant manager about the fall, and Abraham was given an ice bag for his knee and one complimentary movie ticket. Two days later, Abraham returned to the premises to speak to a manager, noting that he had gone to a doctor, obtained x-rays, and was taking prescription pain medication. The manager gave Abraham vouchers for two entrees from the theater's menu to compensate Abraham for two meals he purchased but did not consume on the day of his fall. Abraham and his female guest, who was also African-American, ordered two brisket sandwiches and french fries, specifying that the meals were to be without salt. When they began to consume their meals, they detected salt. They complained to the Marcus food and beverage supervisor, and demanded a "refund" for their meals. The supervisor was rude and declined to make a refund.

## STANDARD

"To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a

---

³ Abraham also filed an affidavit stating that he is a disabled veteran, suffering from anxiety disorder. (Filing No. 16-2.)

⁴ Abraham makes no allegations of negligence on the part of Marcus or any of its agents or employees.

2

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629–30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. at 630 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)) (internal quotation marks omitted). When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

**DISCUSSION**

Abraham's allegations are frivolous and he fails to state any claim on which relief can be granted. Liberally construing all allegations in Abraham's Amended Complaint, and drawing all reasonable inferences in his favor, the Court concludes that Marcus is not liable to Abraham under any of Abraham's theories of recovery.

In Marcus's briefs (Filing Nos. 11 and 25) in support of its Motion to Dismiss, defense counsel attempted to make some sense of Abraham's claims, thoroughly parsing the elements of each potential claim and demonstrating why this Court would lack jurisdiction, or Abraham would lack standing, or the allegations would fail to present claims on which relief could be granted. The Court appreciates the diligence and patience demonstrated by defense counsel.

Although Abraham paid a filing fee in this case and is not proceeding *in forma pauperis*, the Court concludes that the mandate of 28 U.S.C. § 1915(e)(2) is applicable: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . is frivolous . . . ." Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 19) submitted by Defendant The Marcus Corporation is granted;

2. The Plaintiff Gary L. Abraham's action is dismissed, with prejudice; and

3. A separate Judgment will be entered.

Dated this 4th day of December, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge